IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID LEE WHITE,

      Petitioner,                    No. CIV S-09-0790 LKK KJM P

    vs.

K. DICKINSON,

      Respondent.              <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        After the court ordered respondent to file a response to the petition, respondent filed a motion to dismiss, arguing that the petition is successive under 28 U.S.C. § 2244(b) and was filed outside the statute of limitations. <u>See</u> Docket No. 12. Petitioner then filed a motion to amend the petition, on December 15, 2009. <u>See</u> Docket No. 14. The next day, respondent filed a statement of non-opposition to the motion to amend, wherein he preserved the same arguments for dismissal that he lodged against the original petition. <u>See</u> Docket No. 15. Respondent's statement of non-opposition effectively moots the motion to dismiss the original petition.

1

1  While the motion to amend was pending, petitioner filed a motion to withdraw on
2  May 26, 2010.  The court then ordered plaintiff to clarify whether, in filing the motion, petitioner
3  intended to withdraw the original petition, which would have meant a voluntary dismissal of this
4  action, or only intended to withdraw the motion to amend.  <u>See</u> Docket No. 19.  Over two
5  months passed with no word from petitioner.  So on August 16, 2010, the court recommended
6  that petitioner's motion to withdraw his petition be granted and this case be dismissed without
7  prejudice .  <u>See</u> Docket No. 20.
8  On September 1, 2010, petitioner filed a "Notice of Clarification," which the
9  court now construes as objections to the findings and recommendations that his petition be
10 dismissed.  <u>See</u> Docket No. 22.  He includes an explanation, supported in part by a letter from a
11 prison social worker, that he was hospitalized for at least some time after the court's order, and
12 may not have been receiving all of his mail during the period the court awaited his clarification.
13 <u>See</u> Notice of Clarification at 2-3.  The notice of clarification still does not directly address
14 petitioner's intent in filing a motion to withdraw, as directed by the court's order.  However,
15 petitioner does state that his purpose in filing the motion to amend his petition was "to reduce the
16 prior filing of the writ of habeas corpus to one allegation, that being ineffective assistance of
17 counsel."  <u>Id.</u> at 1.  This meets the purpose of the court's previous order and clarifies that
18 petitioner does not seek voluntary dismissal of this action.
19 In light of respondent's lack of opposition to the motion to amend,[1] and accepting
20 petitioner's explanation for his unresponsiveness to the court's order seeking clarification, the
21 court will allow petitioner time in which to file an amended petition.  The findings and
22 recommendations entered August 16, 2010, will be vacated.
23 /////
24

---

[1] As noted, respondent has preserved his objections that the original petition is successive and untimely filed.  He may renew those objections, if appropriate, after petitioner amends his petition and the court screens the amended petition.

2

Petitioner is informed that, if he does file an amended petition, the court cannot refer to a prior pleading in order to make plaintiff's amended petition complete. Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended pleading, the original pleading no longer serves any function in the case. Therefore, in an amended pleading, as in an original pleading, each claim must be sufficiently alleged. If petitioner files an amended petition, he must label it as such. The court will then screen it as required under 28 U.S.C. § 1915A(a).

Petitioner also has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 16, 2010, are vacated.

2. The motion to dismiss (Docket No. 12) is moot.

3. Petitioner's motion to amend (Docket No. 14) is granted. Petitioner has thirty days from the entry of this order in which to file an amended petition.

4. The motion to withdraw the petition for writ of habeas corpus (Docket No. 18) is moot.

5. The motion to appoint counsel (Docket No. 21) is denied.

/////

/////

/////

6. The Clerk of Court is directed to send petitioner the form used by this court for filing a petition for writ of habeas corpus.

DATED: September 30, 2010.

_____
U.S. MAGISTRATE JUDGE

4/whit0790.805