IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID LEE WHITE, | | |
| | Petitioner, | No. CIV S-09-0790-LKK CKD P |
| vs. | | |
| K. DICKINSON, | | ORDER & |
| | Respondent. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

I. Introduction

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the operative first amended petition, petitioner challenges his 1999 conviction for first degree burglary with several prior convictions, for which petitioner was sentenced to a total term of 30 years to life in state prison. (Doc. No. 24; see Lod. Doc. 1.) Before the court is respondent's January 14, 2011 motion to dismiss the petition as successive under 28 U.S.C. § 2244(b) (2). Respondent also seeks dismissal on the alternative grounds that the petition is barred by the statute of limitations and contains unexhausted claims. Petitioner filed an opposition to the motion on February 9, 2011, and respondent filed a reply on February 24, 2011.

////

1

II. Successive Petition

The court's records reveal that petitioner has previously filed an application for a writ of habeas corpus attacking the 1999 conviction and sentence challenged in this case. White v. Lewis, et al., CIV S-02-1125 GEB KJM P (hereinafter "White I")[1]; see also Lod. Docs. 22-26. The previous application was filed on May 22, 2002, and was denied on the merits on August 18, 2005. (White I, Doc. Nos. 1, 49.) On December 27, 2005, the United States Court of Appeals for the Ninth Circuit declined to issue a certificate of appealability. (Id., Doc. No. 54.)

Before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Therefore, petitioner's application must be dismissed without prejudice to its refiling upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

III. Alternative Grounds for Dismissal

Because this action must be dismissed as successive, the court need not reach respondent's arguments that the instant action is barred by the statute of limitations and contains unexhausted claims.

V. Petitioner's Motion

On August 16, 2011, petitioner filed a motion requesting that respondent be sanctioned for failing to produce superior court documents from the 1999 proceedings in plaintiff's criminal case. Because respondent has lodged all documents necessary to support the motion to dismiss on procedural grounds, petitioner's motion will be denied.

////

////

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue[.]") (internal quotation omitted).

VI. <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that petitioner's August 16, 2011 motion for admonishment (Doc. No. 32) is denied.

IT IS HEREBY RECOMMENDED THAT respondent's January 14, 2011 motion to dismiss (Doc. No. 27) be granted, and this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 24, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
whit0790.mtd